1

2

3

4

**MELTON LAW GROUP**
Shawna Melton (SBN 276989)
128 W. Avenida Ramona
San Clemente, CA 92672
Tel: (949) 226-8353
shawna@melton-law.com

5

6

7

8

**LEMON LAW AID, INC.**
Joseph A. Kaufman, No. 228319
117 E. Colorado Blvd., Suite 340
Pasadena, CA 91105
Telephone: 626-219-1648
Facsimile: 626-768-7066
joe@lemonlawaid.com

9

10

Attorneys for Plaintiff Kristen Huang

11

12

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

13

14

15

16

17

18

19

20

21

22

23

| | |
|---|---|
| **KRISTEN HUANG an individual**<br><br>Plaintiff,<br>vs.<br><br>**JAGUAR LAND ROVER NORTH AMERICA, LLC; and does 1 through 10, inclusive**<br><br>Defendants. | Case No.: 8:19-cv-01958-JLS-KES<br><br>[Removed from Orange County Superior Court, Case No.: 30-2019-01096867]<br><br>**PLAINTIFF KRISTEN HUANG'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 6 TO EXCLUDE GOLDEN RULE (AND REPTILE THEORY) ARGUMENTS**<br><br>Pre-Trial Conference:  March 5, 2021 |

24

25

26

**TO THE COURT AND THE HONORABLE JUDGE AND THE PARTIES AND THEIR ATTORNEYS OF RECORD:**

27

28

Plaintiff  KRISTEN  HUANG  (hereinafter  "Plaintiff")  hereby  submits  the

following   Opposition   to   Defendant,   JAGUAR   LAND   ROVER   NORTH

AMERICA, LLC's Motion *in Limine* No.6 to Exclude Golden Rule (and Reptile Theory) Arguments.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  STATEMENT OF FACTS

On January 10, 2017, Plaintiff, Kristen Huang ("Plaintiff" or "Ms. Huang") purchased a 2016 Range Rover Sport (the "vehicle" or "subject vehicle") from Defendant, Jaguar Land Rover North America, LLC's ("JLRNA") authorized dealer and repair facility, Land Rover Newport Beach.  The vehicle was equipped with a 3.0-liter diesel engine and Plaintiff purchased a pre-paid maintenance plan ("PPM") for 4-years/64k miles, valued at $2,100.00. Ms. Huang purchased the vehicle because she loved the brand and the vehicle's design.  Ms. Huang had never owned a diesel engine but she understood that the diesel engine would be "better than [a] gasoline [engine]" and "[i]n terms of maintenance, it would be easier." This understanding of the "ease" of the vehicle's maintenance was based, in part, on representations made by Land Rover Newport Beach's salesman that diesel engines do not "require a lot of maintenance" and JLRNA normal maintenance schedule for the vehicle.

The vehicle had a repeated history of engine concerns in which the vehicle required oil maintenance and major services in far excess of what JLRNA identifies as normal, excessive DEF consumption, and loss of power complaints as a result of a defective fuel injector.  In addition, Ms. Huang had repeated issues with her speakers malfunctioning and structural rattling complaints prompting her to request that JLRNA repurchase the vehicle prior to filing this lawsuit. JLRNA refused arguing that the concerns were normal and Plaintiff's driving style is "arduous" and the cause of the engine concerns.

### II.  ARGUMENT

Defendant, JLRNA seeks to exclude arguments related to the "golden rule" or "reptile theory."  The Motion itself is vague and lacks specificity with regards to the specific arguments Plaintiff may make in this trial.  Plaintiff claims she is entitled to

a civil penalty.  A civil penalty is authorized by the Song Beverly Act "if the buyer establishes that the failure to comply was willful" (Cal. Civ. Code, section 1794(c)) A civil penalty "is imposed as punishment or deterrence of the defendant, rather than to compensate the plaintiff." *Kwan v. Mercedes-Benz of North America, Inc.* (1994) 23 Cal.App.4th 174, 184.  Thus, the policy behind the civil penalty is to punish a willful offender.  Plaintiff intends to argue that JLRNA was willful and that the jury should assess a civil penalty to punish JLRNA, send a message to JLRNA, and to deter it from willfully violating the act again.  This argument is consistent with the policies underlying the damages provision and is not unduly prejudicial against JLRNA.

## III.  CONCLUSION

Based on the foregoing law and reasoning, Defendant's Motion should be denied.


Date:   February 12, 2021             MELTON LAW GROUP

                                      /s/ Shawna Melton
                                      Shawna Melton (SBN 276989)
                                      Attorney for Plaintiff,
                                       KRISTEN HUANG

**PLAINTIFF KRISTEN HUANG'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 6**

1

CERTIFICATE OF SERVICE

2

3
I hereby certify that on February 12, 2021, I filed the foregoing document entitled
**PLAINTIFF KRISTEN HUANG'S OPPOSITION TO DEFENDANTS'**

4
**MOTION IN LIMINE NO. 6 TO EXCLUDE GOLDEN RULE (AND**
**REPTILE THEORY) ARGUMENTS** with the clerk of court using the

5
CM/ECF system, which will send a notice of electronic filing to all counsel of

6
record in this action.

7

8
/s/Shawna Melton

9
Shawna Melton

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-4-